UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
                                 :

THEODORE SIMPSON,                   :

                   Petitioner,   :

                                 :       03 Civ. 6323 (LGS)

              -against-          :

                                 :           **ORDER**

GARY GREENE,                   :

                 Respondent. :
----------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Petitioner Theodore Simpson, serving an aggregate prison term of sixty-six

years to life in the Sullivan Correctional Facility, filed this action on June 26, 2003, seeking

federal *habeas corpus* relief pursuant to 28 U.S.C. § 2254.  On December 18, 2003, then-District

Judge Lynch denied the § 2254 *habeas* petition as untimely and otherwise lacking merit.  On

April 20, 2020, and August 18, 2020, Petitioner filed two motions in this *habeas* action, styled as

motions to vacate judgment pursuant to Federal Rules of Civil Procedure 60(b) and 60(d),

respectively.  *See* Dkt. Nos. 15 and 17.  On December 15, 2020, this action was re-assigned to

me, and the Office of the Attorney General State of New York ("OAG") and the Bronx County

District Attorney's Office ("DAO") were directed to respond to Petitioners' pending April and

August motions.  *See* Dkt. No. 18.  Petitioner mailed a reply to the DAO's response, which is

appended hereto.  The motions are denied in part and construed in part as a 28 U.S.C. § 2254

petition.

**Background**

      WHEREAS, on January 5, 1996, the Grand Jury of Bronx County indicted Petitioner on

various counts in connection with a June 1993 kidnapping, robbery and murder.  On October 29,

1998, Petitioner was convicted in the Supreme Court of the State of New York, Bronx County.

At Petitioner's trial, the State presented eyewitness testimony and called a corroborating witness,

James Venson, who testified that Petitioner had confessed to the crimes.  Cross-examination

revealed that Venson was in fact incarcerated at the time his alleged conversation with Petitioner

occurred.  A stipulation was entered at trial that Venson was in prison on the relevant dates.

Petitioner moved to set aside the verdict, contending in part that Venson's testimony should have

been stricken.  This motion was denied.  Petitioner was sentenced to twenty-five years to life, to

run concurrently on all counts and consecutively to his sentences for unrelated convictions.

WHEREAS, Petitioner has sought post-conviction relief multiple times since his 1998

sentencing.  For example, Petitioner appealed his conviction and sentence in October 2000,

arguing that the eyewitness testimony was unreliable and that Venson's testimony was incredible.

On June 21, 2001, the Appellate Division affirmed the judgment of conviction.  *See People v.*

*Simpson*, 728 N.Y.S.2d 135 (1st Dep't 2001).  As stated above, in 2003, Petitioner sought *habeas*

relief in this Court.  On June 25, 2019, the Second Circuit denied Petitioner's application to file a

successive *habeas* petition.

**The Instant Motions**

WHEREAS, there are two pending motions here in Petitioner's 2003 *habeas* action.  The

August 2020 motion is styled as a Rule 60(d) motion and seeks reversal of his conviction and of

the judgment denying his 2003 *habeas* petition.  Petitioner argues that his conviction was

premised on false and fraudulent testimony and attaches excerpts from the trial transcript.  The

April 2020 motion is styled as a Rule 60(b) motion and primarily presents a new claim that

Petitioner is entitled to immediate release because the prison conditions during the COVID-19

pandemic and his underlying medical conditions make his incarceration unconstitutional.  The

April 2020 motion does not address any aspect of the prior *habeas* proceeding except to describe

the initial petition as having sought relief from his conviction based on false testimony.  Pursuant

to an agreement between the OAG and the DAO, the OAG responded to Petitioner's COVID-19 arguments, and the DAO responded to Petitioner's challenges regarding the state court conviction.

**Legal Standards**

WHEREAS, Rule 60(b) provides six grounds for relief from a federal judgment or order.[1] *See* Fed. R. Civ. P. 60(b)(1)-(6).  Rule 60(d) describes a court's other powers to grant relief from a judgment, including the power to "entertain an independent action," Fed. R. Civ. P. 60(d)(1), "to prevent a grave miscarriage of justice," *see United States v. Beggerly*, 524 U.S. 38, 47 (1998); *accord Pena v. United States*, 859 F. Supp. 2d 693, 699 (S.D.N.Y. 2012), and to set aside a judgment for fraud on the court, Fed. R. Civ. P. 60(d)(3).

WHEREAS, this Court has held that the law governing Rule 60(b) motions made in *habeas* proceedings also applies to Rule 60(d).  *See Erbo v. United States*, No. 08 Civ. 02881, 2014 WL 6454002, at *3 (S.D.N.Y. Nov. 17, 2014); *accord Wright v. Poole*, 81 F. Supp. 3d 280, 286 (S.D.N.Y. 2014) (collecting cases).  Accordingly, the following law also applies to Petitioner's motion styled as pursuant to Rule 60(d).

WHEREAS, "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying conviction."  *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *accord*

---

[1] The six grounds are: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  *See* Fed. R. Civ. P. 60(b).

*United States v. Lopez-Pena*, No. 05 Cr. 191, 2018 WL 4006803, at *1 (S.D.N.Y. Mar. 7, 2018).

A Rule 60(b) motion filed by a *habeas* petitioner attacks the underlying conviction -- and

advances in substance *habeas* claims -- when it adds "a new ground for relief" from the

conviction or "attacks the federal court's previous resolution of a claim *on the merits*." *See*

*Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (emphasis in original).  In contrast, a *habeas*

petitioner is not "making a habeas corpus claim . . . when he merely asserts that a previous ruling

which precluded a merits determination was in error -- for example, a denial for such reasons as

failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4.

WHEREAS, when a Rule 60(b) motion attacks the underlying conviction, it is in

substance an application for habeas relief subject to 28 U.S.C. § 2244(b).  *Id.* at 530-32.  In that

circumstance, a district court is "present[ed] . . . with two procedural options: (i) the court may

treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be

transferred to [the appropriate court of appeals] . . . for possible certification, or (ii) the court may

simply deny the portion of the motion attacking the underlying conviction as beyond the scope of

Rule 60(b)." *Harris*, 367 F.3d at 82 (internal quotation marks and emphasis omitted); *accord*

*Lopez-Pena*, 2018 WL 4006803, at *1.

WHEREAS, because Petitioner appears pro se, the Court has liberally interpreted his

submissions "to raise the strongest arguments that they suggest." *Williams v. Annucci*, 895 F.3d

180, 187 (2d Cir. 2018).  Nevertheless, a pro se litigant is not exempt "from compliance with

relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.

1983) (internal quotation marks and citation omitted); *accord Bryant v. Capra*, No. 18 Civ.

10198, 2021 WL 323263, at *4 (S.D.N.Y. Feb. 1, 2021).

4

**August 2020 Motion for Relief Based on Fraudulent Testimony and Collusion**

WHEREAS, it is clear from the face of the August 2020 motion that Petitioner's arguments attack his underlying conviction and the Court's previous resolution of Petitioner's *habeas* claim.[2]  Accordingly, the motion is denied as "beyond the scope" of Rules 60(b) and 60(d).  *See Harris*, 367 F.3d at 82; *Erbo*, 2014 WL 6454002, at *3.

WHEREAS, Petitioner argues that his conviction rested on fraudulent testimony, and specifically, that the prosecutor and trial court colluded to mislead the jury into believing that Venson's corroborating testimony was credible.  In support, Petitioner presents "newly discovered evidence," *i.e.*, an excerpt of the trial transcript reflecting the stipulation stating that Venson was incarcerated at the time of Petitioner's alleged confession.  Petitioner re-characterizes the stipulation as an agreement between the prosecutor and the Court to allow false testimony.  Even were Petitioner's "new evidence" a new ground for relief, Petitioner's arguments are still in essence a *habeas* claim, as they seek reversal of his conviction.[3]

WHEREAS, the appropriate remedy is to deny the August 2020 motion as beyond the scope of Rule 60(b) and Rule 60(d), as the Second Circuit has cautioned district courts that conversion of a Rule 60 motion into a successive *habeas* petition may subject a Petitioner to

---

[2] This denial of the 2003 petition constitutes a decision on the merits, where the Court found that the petition was untimely and that the "grounds for relief asserted in [Petitioner's] petition," which "amount[ed] to nothing more than an attack on the credibility of the witnesses against him," "lack[ed] merit."  *See Quezada v. Smith*, 624 F.3d 514, 518 (2d Cir. 2010) ("Generally, a petition dismissed as time-barred is considered a decision on the merits."); *accord Young v. Artus*, No. 08 Civ. 7734, 2017 WL 5468563, at *2 (S.D.N.Y. Oct. 27, 2017).

[3] Petitioner's August 2020 motion also mentions that the Court should "relax" the previous denial of the petition as time barred given the pandemic.  This argument neither goes to the "integrity" of the prior habeas proceeding nor asserts that the previous ruling was in error.  Instead, as Petitioner explains, this request is made because he would like the Court to exercise discretion and review his arguments that his conviction was based on fraudulent testimony and collusion.  In other words, Petitioner seeks to challenge the Court's previous determination.

prejudice.  *See Erbo*, 2014 WL 6454002, at *3 (denying pro se petitioner's Rule 60 motion as beyond the scope of Rules 60(b) and (d), noting that "premature treatment" of the motion as a successive *habeas* petition "'risks subjecting the prisoner not only to summary denial of that challenge but also to summary denial of any subsequent . . . challenge as an abuse of the writ'" (quoting *Gitten v. United States*, 311 F.3d 529, 533 (2d Cir. 2002)).

**April 2020 Motion for Relief Based on COVID-19**

WHEREAS, in his April 2020 motion, Petitioner seeks release based on medical concerns and circumstances presented by COVID-19.  Petitioner's request for release is in the nature of a *habeas* claim.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *accord Slater v. Keyser*, 20 Civ. 3012, 2020 WL 4016759, at *3 (S.D.N.Y. July 16, 2020).

WHEREAS, unlike the August motion, which is denied as outside the scope of Rules 60(b) and 60(d), the April application is construed as a claim for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 (the "COVID-19 claim").  The COVID-19 claim is not considered a successive challenge as Petitioner's initial *habeas* petition challenged his criminal judgment.  *See* Order, *Sanchez v. Portuondo*, No. 99 Civ. 1911, Dkt. No. 29 (S.D.N.Y. Aug. 6, 2020) (Second Circuit order denying Petitioner's motion for leave for successive habeas petition as the "proposed § 2254 petition would not be successive because the prior petition appears to have directly challenged Petitioner's criminal judgment, while the present proposed petition challenges Petitioner's post-sentencing conditions of confinement").

WHEREAS, the OAG argues that Petitioner's COVID-19 claim would not be cognizable under 28 U.S.C. § 2254 but is properly brought in a suit pursuant to 42 U.S.C. § 1983. "However, courts in this Circuit have considered and rejected the argument that § 1983 is the sole remedy available to a petitioner in state custody who seeks release due to conditions of confinement; instead, these courts have found that a petitioner may obtain such relief by bringing a petition for writ of habeas corpus under § 2254." *Slater*, 2020 WL 4016759, at *3 (collecting cases). Here, Petitioner seeks immediate release from confinement, and a § 2254 *habeas* petition is a cognizable vehicle for this claim. The OAG outlines several other reasons why this Court should not construe the claim as a new habeas petition.[4] These arguments are mostly academic because, as the OAG notes, Petitioner should be provided an opportunity to withdraw the COVID-19 claim. *See Cook v. N. Y. State Div. of Parole*, 321 F.3d 274, 281-82 (2d Cir. 2003); *see also Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). For the foregoing reasons, it is hereby

**ORDERED** that Petitioner's claim challenging his state court conviction is DENIED as outside the scope of Rules 60(b) and 60(d). Petitioner's additional requests made on reply -- (1) that the Court order the DAO to produce a full copy of the trial records and (2) for an extension to reply to the OAG's opposition in further support of his COVID-19 claim -- are DENIED as moot.

As for Petitioner's is COVID-19 claim, at this point, he may choose to withdraw it or refile it as a claim for *habeas corpus* relief under 28 U.S.C. § 2254. The Court construes the

---

[4] One reason is that Petitioner has already asserted the same claim in a matter pending before Judge Nathan. *See Simpson v. Keyser*, No. 20 Civ. 6408, 2020 WL 5946944 (S.D.N.Y. Oct. 7, 2020). In that action, Petitioner was afforded the opportunity to proceed with his claims for relief under § 2254. *See id.* at *3. However, it appears that Petitioner did not timely file any amended petition.

claim as seeking *habeas corpus* relief under § 2254.  Petitioner is advised that if he refiles the claim, the claim will be subject to the "second or successive" restrictions of § 2244.

If Petitioner does not wish to proceed with his COVID-19 claim under § 2254, Petitioner should submit a letter stating that he is withdrawing the claim.

If Petitioner does wish to proceed with the COVID-19 claim under § 2254, Petitioner is granted leave to file an amended petition, so that he can include all the necessary information, including whether he has exhausted his state remedies.  At the end of this Order is an Appendix, which describes the information Petitioner should include in any amended petition.  Also attached is a form to file an Amended Petition Under 28 U.S.C. § 2254, which Petitioner may fill out and file as his amended petition.  Petitioner is advised that if he files an amended petition, he must provide all the necessary information, even if he has already put it before the Court.  The Court will understand the amended petition as Petitioner's consent to proceed with his claim for relief under § 2254, and the amended petition will completely replace his submissions filed in support of his Rule 60 motions.  This means the Court will review the information included in the amended petition only, and Petitioner cannot rely on anything previously submitted.

By April 18, 2021 Petitioner shall either (1) submit a letter to this Court of withdrawal of the COVID-19 claim or (2) submit an amended petition for a writ of *habeas corpus* under § 2254. If Petitioner fails to comply with this Order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny Petitioner's COVID-19 claim for *habeas corpus* relief without prejudice.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken

in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order and attachment to

pro se Petitioner and to close the motions at Dkt. Nos. 15 and 17.

Dated: February 17, 2021
     New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

9

### Appendix

**Any amended § 2254 petition must comply with the following directions:**

    **1.   Rule 2(c) of the Rules Governing § 2254 Cases**

A state prisoner seeking *habeas corpus* relief under § 2254 must submit a petition that conforms to the Rules Governing Section 2254 Cases.  Rule 2(c) of those rules requires a petition to specify all the petitioner's available grounds for relief, setting forth the facts supporting each ground, and stating the relief requested.

If Petitioner files an amended petition, he should ensure that it includes his grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented may be adjudicated.

    **2.   Exhaustion of State-Court Remedies**

A state prisoner seeking *habeas corpus* relief under § 2254 must also show in his petition that he exhausted all available state-court remedies before filing his petition, or that his failure to exhaust those remedies was for a recognized reason.  *See* § 2254(b)(1) ("An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."). This exhaustion requirement means that generally, the state courts must be given the first opportunity to review constitutional errors associated with a petitioner's confinement.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).  A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process.  *Id.* at 845. "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

If Petitioner files an amended petition, it should show that he has exhausted the available state-court remedies with regard to his grounds for federal *habeas corpus* relief or why his failure to exhaust those remedies should be excused.  The Court understands from Petitioner's action, *Simpson v. Keyser*, No. 20 Civ. 6408, that he has sought relief from his immediate confinement in a petition for a writ of *habeas corpus* filed in the New York Supreme Court, Sullivan County, under N.Y.C.P.L.R. Art. 70, and that the state court has converted that proceeding into one for relief under N.Y.C.P.L.R. Art. 78.  Petitioner should allege facts about the status of that proceeding, whether the state court has issued decisions in that proceeding, or whether he has appealed those decisions.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Theodore Simpson,

                    Petitioner,


-against-                                      **REPLY TO OPPOSITION FROM**
                                               **BRONX DISTRICT ATTORNEY**
                                                 03-cv-6323 (LGS)


Gary Green, Superintendent,

                    Respondent.

_____

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF: <u>SULLIVAN</u> )


     <u>Theodore Simpson,</u> declares under the penalty of perjury,
pursuant to  28 USC § 1746, as follows:

     1. I am the petitioner in the above entitled action
and I submit this **Reply** to the declaration in opposition, filed
by the Bronx County District Attorney's Office, Nancy D. Killian,
and the NYS Attorney General's Office.

     2. The respondent's to the above entitled action, are
the NYS Attorney General and the Bronx County District Attorney's
Office.

     For brevity, petitioner offers the following reply
to the Bronx County District Attorney's Office's opposition:

     A). This matter addresses the fact that during
petitioner's criminal trial, that the Bronx County District
Attorney's Office, produced a false witness against petitioner
to obtain and secure a wrongful conviction. In petitioner's
application to this Court, Hon. Lorna G. Schofield, ordered that
the respondent's namely-( The Bronx County District Attorney),
to answer that fact, which is not what has been placed before
the Court. In the opposition it appears that the Bronx County
District Attorney's Office, failed to answer the Court's direct
order. Which remains to be answered definitively, which is was
the evidence adduced at trial false, and/or illegal? Upon which
the answer is yes. James Venson was not a witness and could not

                              1.

be a witness because he was in jail during the time and dates he testified to. However, in the reading of the grand jury testimony of Leon Russell, who was a participant in the crime, depicts the exact words Venson testified to, so that falls on the shoulders of the District Attorney and the Police Department, because they are the only ones that new the particulars of the crime, besides Russell. Russell knew Caban, and the person who killed himself with the murder weapon. The petitioner did not know Caban, nor is there anything in the record, or outside of the record that proves petitioner knew Caban, or his consorts that participated in this crime with him. The only person who knew details of the crime were them, not the petitioner.

B). The mere fact that the opposition clearly states that the parties acknowledged that Venson was in jail during the time and date of the crimes proves the testimony to be false testimony, which the opposition fails to answer according to the Court's order,

C). By law the prosecution has an obligation to seek the truth and not just a conviction, which seems to be circumvented herein. The Court ordered clarification as to whether or not the evidence was false, not to hear the case be tried again, and that is what this opposition does. It tries the case instead of answering the Court's Order,

D). Petitioner contends that the producing of the grand jury minutes of Leon Russell, "IF" ordered by this Honorable Court will show an exact re-iteration of the testimony given by Russell, used by Venson falsely to obtain and secure the wrongful conviction,

F). As to whether or not the jury were made aware that Venson was not an actual witness "Never" appears in the records and the discovery of his incarceration during trial was placed in "IDENTIFICATION not in EVIDENCE, therefore the deliberating jury never looked at it, nor did the Appellate Court, so this discovery of the "Stipulation" is by far newly discovered evidence for petitioner and the Court as well. Never has the Bronx District Attorney's office refuted the fact that the "Stipulation", where

2.

it was announced that Venson was in jail, was an open discussion between the Court or petitioner, nor did the jury know this fact. Nor can the Bronx County District Attorney's Office produce any such trial records. Ironically it was kept a secret until 2019, because petitioner was told he was making this up. Petitioner never knew about this, and from the records petitioner being the only person challenging this fact would have never agreed to allow him to continue to lie to the jury because it would illegal. Therefore this argument must fail. Petitioner was never advised to what happened in the "Sidebar" where Venson was known to be elsewhere, nor did the jury know about this. However when the former ADA returned questioning, knowing that their witness was committing perjury, should have announced such to the jury, as well as trial counsel,

G). Consequently, by the reading of CPL § 60.22, the Bronx County District Attorney was required to produce a legal and living eye witness to corroborate the testimony of Caban, and failed to do so because the testimony of Venson is false and illegal as a matter of law. It is well settled that a lie is a lie and nothing in the law provides that allowing a lie to continue does not violate the constitutional protections during a trial.

Therefore, as argued by petitioner, the testimony obtained by the Bronx County District Attorney's Office violates the constitutional protections of petitioner during his criminal trial and the conviction cannot stand as a matter of law and right. Upon which the Bronx County District Attorney's office failed to answer the order of the Court, warranting a full reversal of the conviction on the law,

H). As to matters of the CPL 330.30, that motion was never answered. It was denied. Obviously so, because it went in front of the same judge that allowed the false testimony to continue. Therefore, the question of Venson's false testimony according to the law, was never examined correctly. In the response to that motion the Bronx County District Attorney's Office, argued that petitioner was mistaken and nothing existed that showed Venson being in jail, when the trial court, ADA and counsel knew Venson

3.

was committing perjury. Therefore this argument must fails as well. The 330.30 motion was never denied based upon any law, only word of mouth and that is not how motion practice should go, as far as I have read the law. A motion is filed, the opposition responds and the Court rules based upon the law. That didn't happen in this case, because the same judge that allowed the false testimony and knew it, heard the CPL 330.30 motion.

## CONCLUSION

At the very least petitioner humbly request that this Honorable Court order that the Bronx County District Attorney's Office, produce a full copy of the trial records, namely the testimony of James Venson, to show and prove that neither that the jury, nor petitioner was ever made aware of the fact that Venson's testimony was agreed to as being false and illegal, and knowingly accepted it as such and agreed to allow it to continue.

Nothing in the records will show of any such agreement or acceptance. Whereas, such testimony is false and misleading. The mere fact that the opposition states the testimony as being false, but fails to annouce it as such, only shows the willingness to violate the law and allow a wrongful conviction to stand even in the wake of COVID-19, where petitioner could readily contract this deadly virus and die. Thus making them no worst that a person who intentionally places a gun to someone's head and pulls the trigger, as very sad sight to conjure up in ones mind.

Petitioner only seeks the constitutional protections petitioner was denied during the initial trial proceeding where the wrongful conviction was obtained and secured, in this application under rule 60 b, to be heard.

AS TO MATTERS FILED BY THE NYS ATTORNEY GENERAL:


      Petitioner request an extension of time to review the law and facts submitted in that opposition which requires further investigations and reading of the law, and because the facility is on partial lock down/ slow down, which prohibits movement throughout the facility and law library at this time.


Respectfully Submitted,

Theodore Simpson-96A3862
325 Riverside Drive
Sullivan Corr. Fac.
Fallsburg, N.Y. 12733


      I swear under the penalty of perjury that the following parties were served a copy of this Reply:

NYS Atty. Gen.
The Capitol
Albany, N.Y. 12224
Bronx County District Attorney
198 East 161 Street.
Bronx, N.Y. 10451

5.

UNITED STATES DISTRICT COURT
<u>SOUTHERN</u> DISTRICT OF NEW YORK

# <u>CERTIFICATE OF SERVICE</u>

I, <u>Theodore Simpson-96A3862</u>, certify that on <u>29</u> day of <u>January 2021</u>, I mailed a copy of the following document(s) and all attachments:

<u>Letter to Hon. Darcel Clark, Esq., Bronx County District Attorney, in reference to 03-CV-6323 (LGS) Order dated: December 17, 2020 Facility Condition-(COVID-19), Lock down/Slow down, and Outbreaks in the facility, and Exhibit (a)- 603/96 trial transcripts-Pages 1706-1707, and Proceeding pages of Venson being in jail during time and date of crime, depicting "STIPULATION", where trial court, ADA and trail counsel agreed Venson was in jail, but allowed him to testify falsely. Thereby producing wrongful conviction being challenged.</u>
to the following parties: <u>Southern District Judge, Hon. Lorna G.Schofield, at: 500 pearl Street, N.Y., N.Y. 10007; NYS Attorney General at: The capitol, N.Y., N.Y. 122224</u>

I certify that these documents were given to prison officials on the below indicated date for forwarding to the above parties by First Class Mail via U.S. Postal Service.

I further certify under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on:   <u>January 29, 2021</u>
               Fallsburg, New York

[Signature]

[Print Name]   <u>Theodore Simpson-96-A-3862</u>
               Sullivan Correctional Facility
               P.O. Box 116
               Fallsburg, NY 12733-0116

4

Theodore Simpson-96-A-3862
325 Riverside Drive
Sullivan Corr. Fac.
Fallsburg, N.Y. 12733

January 29, 2021

To: Ms. Darcel Clark, Esq.
Bronx County District Attorney
198 East 161 Street
Bronx, N.Y. 10451

03-CV-6323 (LGS)
Order dated: December 17, 2020
Facility Condition-(COVID-19), Lock down/Slow down,
and Outbreaks in the facility

Dear Hon. Ms. Clark,

 I am writing your office to place you on notice that this facility is under a Lockdown/Slowdown process due to an explosion of COVID-19 cases. It appears that several inmates have become infected with the virus, which has no bearing upon us because we cannot leave the facility. Therefore, the staff has brought it in and now we have to pay the price of being locked down for the time being. I was told that this lockdown will remain in effect until February 15, 2021, but at this time another housing unit has been quarantined due to infections. Please note that this situation here is becoming very dangerous and I am honestly in fear for my life. That's not to remove any seriousness from the crimes I have been convicted of, because that is not my plight. I am however innocent and was convicted based upon false evidence as your files will show.

 Although remorseful for the families that suffered from the lost of their family members, I am not the blame for those crime. As outlined in my motions, the use of James Venson was the product and only evidence against me, that is clearly illegal evidence. I would ask, "If" you have not received this personal correspondence, that the person, or person (s) reviewing this letter, pleaser allow Hon. Ms. Clark a chance to review this letter.

 Understandably so, you may not be fully aware of what happened. I am therefore offering you some direction to see what happened and why I have become a victim of a wrongful conviction in the matters where my name appears. My issue began with, and due to Leon Russell, who was charged with a crime, I admittedly should have been charged with. However, I was protecting the mother of his child. However, once he discovered I was also sleeping with his mother and sister, I became a target for him, and he vowed to have me put in jail. The other people involved were friends of his and I was also accused of his death, so they took up the torch and vowed his fight against me. This is why you have Bethea, Venson, Caban, and others that gave false testimony against me. He was a known drug dealer and respected in my neighborhood. So they, once told a lie about me being the cause of his death, vowed to continue his fight.

1

In the case under indictment 8180/95, I was granted a **Mastrangelo** hearing, be causer the former ADA lied to the court and told them I had Mr. Russell killed, which was a blatant lie. At that point the former ADA started to use James Venson, who studied the testimony of Russell, and gave accounts to things he never had, nor could have gain knowledge of. Which is why you have in your possession trial transcripts of a "STIPULATION", where the court acknowledged that Venson was never a witness, but allowed him to continue to testify falsely ! If you look at the trial transcripts from 603/96 pages 1706-1707-**Colloquy**, it shows that Venson was in the hospital for the case under indictment 8180/95. See Attached Exhibit (A).

However, shocking as it may read, the former ADA returned after that STIPULATION, and then told the jury that Venson was confused as to the dates of accounts he witnessed, and that's the same [position the Appellate court took in their affirmation of my conviction. See Exhibit (A)-**Proceeding-Two pages,** which shows that the contrary to a previous letter I was mailed from Ms. Gerson, Esq. the jury never heard the STIPULATION., nor did we know that one was agreed to. Consequently, this testimony should have never been allowed because it's clearly false testimony. I would understand of it was questionable and the jury had to rule on that fact, but it is not. The testimony is clearly false that that violates the law, as I have read it.

I am in a very serious situation, and I understand the seriousness of the convictions I have been sentenced to. However, if I was able to help those when their crimes took place I would have, but I was not there. Herein, only you can help me, so I am humbly requesting that you please look at the information, which is real and relevant to my issues of the wrongful convictions. As a protector of the Constitution, and the people I am asking for your help in this matter. Again, as a victim here as well, I remain remorseful for the families and feel sorry about these ordeals, but again I am not the person who is involved in these cases. I was used by Leon Russell, and before him my name was never mentioned, and that was only because he had something against me.

Likewise, these cases deal with a huge amount of corruption and from what I gather now, it looks like Detective **Miraglia**, of the 48th. Precinct had a lot to do with these cases and from my pint of view, should be investigated because again it wasn't until Leon Russell, and Detective Miraglia, became involved in my cases, did Venson, Bethea, Caban, Ferdinand, Quinones, and others gain knowledge of the crimes and had full details when they were in other places, so they could not have knowledge of the crimes or details. If you check your record will reveal a **Parade of Shame**, was issued against the 48th. dealing with corrupt cops and detectives.

I thank you in advance for your time and I hope that whomever may have received this correspondence, passes this simple request forward, because as I have explained my life is in serious

danger. Although DOCCS makes it look like they have done what they were ordered to do to protect us, "On Paper", the reality of the facts are clear. This virus continues to come into the facilities because staff members fail to admit to being sick, because they wont get paid if they have to take an additional 14 days off of work, which I understand. But at the same time lives are being placed in danger because these people lie about not being sick. We can't get the virus until they bring it in, and at this point, this is the worst case scenario because the outbreak this time is far more worst than before and we are not protected in reality, only on **paper.!!!**

**Cc: File**

**NYS Atty. Gen.**

**SDNY Judge**

**Hon. Schofield**

Respectfully Written,

Theodore Simpson-96-A-3862
325 Riverside Drive
Sullivan Corr. Fac.
Fallsburg, N.Y. 12733

SWORN TO BEFORE MY THIS

DAY OF JANUARY 29, 2021

RICHARD P. WISSLER
Notary Public, State of New York
No. 01WI6397622
Qualified in Orange County
My Commission Expires on September 9, 2023

# EXHIBIT (A)

F abc          Colloquy

Black, unknown male Black, it's because
Jose Caban did not know that unknown male
Black and you have to accept that.  It
came out of his lips, Mr. Caban's lips.

Now, there's not much more-- there's
only three witnesses that really indicate
Mr. Simpson's involvement at all and the
other one is Mr. Venson.  I'm not going to
trouble you, go back to the hospital, he's
in the hospital, but he's supposed to be
on the street during that other trial.

But during this trial, just briefly as
the Judge quite adequately pointed out
when I asked him, can you be in two places
at one time?  There was an objection
because you can't -- you're stating the
obvious.  Of course you can't be in two
places at one time.

When he has the audacity to take this
stand and perjure himself indicating that
a month before the homicide Mr. Simpson,
by the way, his best friend almost like a
brother to him, this is Mr. Venson, this
is the same guy that was in Mr. Simpson's

F abc          Colloquy

house over a thousand times, doesn't even
know if he has a telephone, doesn't know
where he worked, you understand?  This is
the type of --

MS. FLORIO:  Objection.

THE COURT:  As to?

MR. HODGE:  If I'm not--

THE COURT:  As to the evidence?

MS. FLORIO:  Correct.

THE COURT:  Yes.  I gather there was
some statement as to he knew, where he
worked, at least to a certain point.

Again, it's the jury's recollection
that controls.

MR. HODGE:  If I'm not mistaken, there
was a statement by Mr. Caban he knew he
worked as a super.

MS. FLORIO:  By Mr. Venson.  You said
Mr. Caban.

MR. HODGE:  There was a statement by
Mr. Caban that Mr. Simpson worked as a
super.  That's not in controversy.  What's
in controversy I believe is how long he
worked at the Waldorf Astoria, whether

B

that date, October 15, 1993.  Is that correct?

MR. HODGE:  Yes.

MS. FLORIO:  Yes, Your Honor.

MR. DUBOULAY:  Continuous.

THE COURT:  And if I didn't say that -- Obviously it's continuously from March 30, 1993 through and including October 15, 1993 and that was when he was released at that point.  All right.  That covers stipulations and the admission of Defense E into evidence.

And now I'm informed, actually related to the, I think, the first stipulation today, out of order, Mr. Katz wants to put into evidence part of a medical record, I believe, and it will be coming in as what number?

MR. KATZ:  This is actually going directly into evidence, Your Honor, as Defendant's G, as in George, which is a certified copy of the medical records of James Venson from Montefiore Hospital in the Bronx covering the period of his hospitalization in February and March of

actually have in my hand, but it __ right.

Stipulations as follows.  Let me first start with the exhibit.  There was an item marked only for identification initially by Mr. Duboulay as Defense E.  It's part of this particular record that I'm holding up and this record that has been marked -- or part of this form has been marked as Defense E for identification is now going into evidence, the relevant part of this.

And once it's in evidence or part of it going into evidence, there's a stipulation that if an individual from the records department of Rikers Island came here to testify he would testify that this item with the information on it is something that's kept as a business record at Rikers Island and that the business record indicates that between on -- starting from March 30, 1993 through and including October 15, 1993 James Venson was incarcerated in Rikers Island from that period, March 30, 1993 to October 15, 1993, and he was released from Rikers Island on

AO 241
(Rev. 06/13)

AMENDED

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted)    Respondent (authorized person having custody of petitioner) |
|---|
| v. |

| The Attorney General of the State of |
|---|

### AMENDED
### PETITION

1.      (a) Name and location of court that entered the judgment of conviction you are challenging:




        (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

        (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?      ❑  Yes      ❑  No

5.      Identify all crimes of which you were convicted and sentenced in this case:








6.      (a) What was your plea? (Check one)

                        ❑  (1)    Not guilty        ❑  (3)    Nolo contendere (no contest)

                        ❑  (2)    Guilty            ❑  (4)    Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❏ Jury     ❏ Judge only

7.      Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❏ Yes     ❏ No

8.      Did you appeal from the judgment of conviction?

❏ Yes     ❏ No

9.      If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ❏ Yes     ❏ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 06/13)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?          ❐  Yes          ❐  No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?          ❐  Yes          ❐  No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)          (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐  Yes          ❐  No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes      ❏ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:      ❏ Yes      ❏ No

(2) Second petition:      ❏ Yes      ❏ No

(3) Third petition:      ❏ Yes      ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?     ❐  Yes     ❐  No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ❐  Yes     ❐  No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion or petition?     ❐  Yes     ❐  No

   (4) Did you appeal from the denial of your motion or petition?     ❐  Yes     ❐  No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❐  Yes     ❐  No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)　　**Direct Appeal of Ground Two:**

　　　(1) If you appealed from the judgment of conviction, did you raise this issue?　　❒ Yes　　❒ No

　　　(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)　　**Post-Conviction Proceedings:**

　　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　❒ Yes　　❒ No

　　　(2) If your answer to Question (d)(1) is "Yes," state:

　　　Type of motion or petition:

　　　Name and location of the court where the motion or petition was filed:

　　　Docket or case number (if you know):

　　　Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ❏   Yes        ❏   No

(4) Did you appeal from the denial of your motion or petition?     ❏   Yes        ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes   ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❐  Yes      ❐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐  Yes      ❐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      ❐  Yes      ❐  No

(4) Did you appeal from the denial of your motion or petition?      ❐  Yes      ❐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❐  Yes      ❐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 06/13)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏   Yes          ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏   Yes          ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      ❏ Yes    ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes    ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏ Yes    ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ❏ Yes    ❏ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ❏ Yes    ❏ No

        If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ❏ Yes    ❏ No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241
(Rev. 06/13)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?               ❐  Yes      ❐   No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?               ❐  Yes      ❐   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

     (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

          (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

          (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

          (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

          (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print          Save As...                                    Reset