UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                             :

THEODORE SIMPSON,                  :

                  Petitioner,   :

                             :         03 Civ. 6323 (LGS)

         -against-               :

                             :         **<u>ORDER</u>**

GARY GREENE,                   :

                Respondent. :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Petitioner Theodore Simpson, proceeding pro se, moves under Federal

Rule of Civil Procedure 60(b)(6)[1] for relief from the December 22, 2003, Opinion & Order of

then-District Judge Gerard Lynch denying Petitioner's habeas petition (the "Habeas Denial

Order").[2]

**<u>Background</u>**

WHEREAS, in 1998, Petitioner was convicted in the Supreme Court of the State of New

York, Bronx County, for murder, robbery and kidnapping and sentenced to concurrent terms of

imprisonment of twenty-five years to life, to run consecutively to Petitioner's sentences for

unrelated convictions.

WHEREAS, Petitioner appealed his conviction and sentence.  On June 21, 2001, the

Appellate Division affirmed the judgment of conviction.  *People v. Simpson*, 728 N.Y.S.2d 135,

135-36 (1st Dep't 2001).  On September 20, 2001, the New York Court of Appeals denied

Petitioner leave to appeal.  *People v. Simpson*, 759 N.E.2d 381 (N.Y. 2001).

---

[1] Unless otherwise indicated, all references to "Rules" are to the Federal Rules of Civil
Procedure.
[2] Although styled as a motion for reconsideration, the motion seeks relief from a final judgment
under Rule 60(b).

WHEREAS, Petitioner filed the instant action on June 26, 2003, seeking federal habeas corpus relief under 28 U.S.C. § 2254.

WHEREAS, on December 22, 2003, Judge Lynch denied Petitioner's habeas petition as untimely and otherwise lacking merit.  Judge Lynch determined the petition's filing date in a manner favorable to Petitioner -- specifically, as the date the document was signed, June 26, 2003, and not as the later date on which the District Court received the petition.  He did so on account of the "prison mailbox rule," which provides that "a prisoner appearing *pro se* satisfies the time limit for filing a notice of appeal if he delivers the notice to prison officials within the time specified," and which the Second Circuit has held applies to habeas petitions.  *See Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001).

WHEREAS, on February 8, 2004, Petitioner filed a notice of appeal of the Habeas Denial Order with the Second Circuit.  On June 10, 2004, the Second Circuit dismissed the appeal on the basis that the notice of appeal was untimely.

WHEREAS, on June 25, 2019, the Second Circuit denied Petitioner's application to file a successive habeas petition.

WHEREAS, on April 20, 2020, and August 18, 2020, Petitioner filed two motions styled as motions to vacate the Habeas Denial Order pursuant to Rules 60(b) and 60(d), respectively. The April 2020 motion sought Petitioner's immediate release based on the extraordinary circumstances presented by the COVID-19 pandemic.  The August 2020 motion sought reversal of Petitioner's conviction and of the Habeas Denial Order.

WHEREAS, the action was reassigned to me on December 15, 2020.

WHEREAS, an Order dated February 17, 2021, construed the April 2020 motion regarding COVID-19 as a claim for habeas corpus relief and denied the August 2020 motion.

2

With respect to the April 2020 motion, the Order directed Petitioner either to (1) withdraw the COVID-19 claim or (2) refile it as an amended petition for habeas corpus relief.

WHEREAS, on April 5, 2021, Petitioner sought to withdraw the COVID-19 claim, and on April 7, 2021, Petitioner's application was granted.

**The Instant Motion**

WHEREAS, on April 21, 2026, Petitioner filed the instant motion under Rule 60(b)(6) seeking relief from the Habeas Denial Order.  The motion principally argues that a recent Second Circuit decision, *Box v. Lilley*, 123 F.4th 620 (2d Cir. 2024), bears on whether Petitioner's habeas petition in 2003 was timely.  The affidavit in support of the motion also advances substantive challenges to Petitioner's conviction, including allegations of prosecutorial misconduct, false evidence and newly discovered evidence.

**Legal Standards**

WHEREAS, Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party or its representative from a final judgment, order, or proceeding" for certain enumerated reasons, including "(6) any other reason that justifies relief."

WHEREAS, Rule 60(b)(6) is "a catch-all provision that is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule."[3] *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020); *accord Li v. Alibaba Grp. Holding Ltd.*, No. 19 Civ. 11629, 2026 WL 760862, at *9 (S.D.N.Y. Mar. 17, 2026).  "As a general matter, a mere change in decisional law does not

---

[3] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

constitute an extraordinary circumstance for the purposes of Rule 60(b)(6)."  *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016); *accord SEC v. Mango Labs, LLC*, No. 24 Civ. 7334, 2026 WL 161024, at *4 (S.D.N.Y. Jan. 21, 2026).

WHEREAS, "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction."  *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *Feliciano v. Lee*, No. 18 Civ. 9591, 2026 WL 959975, at *1 (S.D.N.Y. Apr. 8, 2026).  A Rule 60(b) motion impermissibly attacks the underlying conviction when the motion "seeks to add a new ground for relief" from the conviction or "attacks the federal court's previous resolution of a claim *on the merits*."  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *accord Rivers v. Guerrero*, 605 U.S. 443, 453 (2025).  In contrast, a Rule 60(b) motion permissibly attacks the integrity of the habeas proceeding when the motion "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  *Gonzalez*, 545 U.S. at 532 n.4.

WHEREAS, "[a] motion under Rule 60(b) must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

WHEREAS, because Petitioner appears pro se, the Court has "construed [his submissions] liberally and interpreted [them] to raise the strongest arguments that they suggest."  *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).  Nevertheless, a pro se litigant is not "exempt . . . from compliance with relevant rules of procedural and substantive law."  *United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023).

**Timeliness of the Instant Motion**

WHEREAS, as an initial matter, Petitioner's motion was not made within a reasonable time as required by Rule 60(c)(1).  The Second Circuit decided *Box* in December 2024.  Petitioner did not file the instant motion until April 2026 and does not provide an explanation for the delay.

**Merits of the Instant Motion**

WHEREAS, even assuming that Petitioner's motion was timely filed, the motion fails on the merits.  Putting aside the fact that "a mere change in decisional law" generally cannot serve as grounds for Rule 60(b)(6) relief, *Tapper*, 833 F.3d at 172, *Box* does not warrant relief from the Habeas Denial Order.  In *Box*, the Second Circuit held that the district court was required to assess whether a pro se prisoner's letter requesting an extension of time to file a habeas petition could reasonably be construed as a timely habeas petition.  123 F.4th at 623.  Here, the Habeas Denial Order expressly construed Petitioner's submission "liberally" and considered multiple arguments for statutory and equitable tolling before concluding that the petition was untimely.  *Box* does not undermine the Habeas Denial Order's timeliness analysis.  Nor does *Box* bear on the Habeas Denial Order's independent determination that Petitioner's claims lacked merit.

WHEREAS, to the extent Petitioner seeks to relitigate the merits of his criminal conviction, those arguments are beyond the scope of Rule 60(b).  *See Harris*, 367 F.3d at 82.  For the foregoing reasons, it is hereby

**ORDERED** that Petitioner's Rule 60(b)(6) motion is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 37 and to mail a copy of this Order to pro se Petitioner.

5

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: May 28, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**