UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THEODORE SIMPSON, Petitioner, -against- GARY GREENE, Respondent. | : | 03 Civ. 6323 (LGS) **ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Petitioner, proceeding pro se, moves for reconsideration (the "Second Reconsideration Motion"), pursuant to Federal Rule of Civil Procedure ("Rule") 59, of the May 28, 2026, Order (the "First Reconsideration Order") denying Petitioner's motion for reconsideration of the December 22, 2023, Opinion and Order denying Petitioner's habeas petition (the "Habeas Denial Order").

WHEREAS, the factual and procedural history of this action are detailed in the First Reconsideration Order. *See Simpson v. Greene*, No. 03 Civ. 6323, 2026 WL 1493378, at *1 (S.D.N.Y. May 28, 2026).

WHEREAS, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009);[1] *accord Manukian v. Procida Constr. Corp. N.Y.*, No. 23 Civ. 10249, 2026 WL 2114144 (S.D.N.Y. July 22, 2026). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

Cir. 2012); *accord Shenzen Molly Tea Food & Beverage Mgmt. Co. v. MHL NY LLC*, No. 26 Civ. 4051, 2026 WL 2410042, at *5 (S.D.N.Y. Aug. 18, 2026). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020); *accord Pow v. Armellini Indus. Inc.*, No. 22 Civ. 10908, 2025 WL 3638209, at *3 (S.D.N.Y. Dec. 16, 2025).

WHEREAS, because Petitioner proceeds pro se, his submissions are liberally construed "to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). Nonetheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023).

WHEREAS, under Rule 59(e), a party may move to alter or amend a judgment. The standards governing motions under Rule 59(e) and motions for reconsideration under Local Civil Rule 6.3 are identical. *See Lichtenberg v. Besicorp Grp., Inc.*, 204 F.3d 397, 401 (2d Cir. 2000); *accord Oldacre v. Arteta*, No. 26 Civ. 2672, 2026 WL 1718184, at *1 (S.D.N.Y. June 12, 2026). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024). "[T]he standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Schneiderman v. Am. Chem. Soc'y*, 172 F.4th 158, 190 (2d Cir. 2026).

WHEREAS, the Second Reconsideration Motion is denied because Petitioner does not identify any change of controlling law, availability of new evidence or need to correct a clear error or prevent injustice under Rule 59.

WHEREAS, Petitioner argues that the First Reconsideration Order was issued "in the context of 'other' issues" than those intended by Petitioner -- namely, Petitioner's intent to challenge "the propriety of . . . equitable tolling" in light of the Second Circuit's decision in *Box v. Lilley*, 123 F.4th 620 (2d Cir. 2024). That argument is unavailing because the First Reconsideration Order did consider the merits of Petitioner's arguments for tolling under *Box* and expressly concluded that *Box* does not undermine the Habeas Denial Order's timeliness analysis.

WHEREAS, Petitioner argues that reconsideration is warranted because discovery made available to Petitioner "on or about January of 2024" delayed Petitioner's motion for relief. That issue was already presented in Petitioner's first motion for reconsideration, and any new arguments regarding that issue are raised inappropriately in the context of a second motion for reconsideration. *See Banister*, 590 U.S. at 508 ("[C]ourts will not address new arguments or evidence [in a motion for reconsideration] that the moving party could have raised before the decision issued."). To the extent Petitioner argues that the Court erred in evaluating Petitioner's first motion for reconsideration under Rule 60(c)(1), that argument is also unavailing. Pursuant to Rule 60(c)(1), any motion for reconsideration under Rule 60(b) "must be made within a reasonable time." Moreover, the First Reconsideration Order evaluated the merits of Petitioner's first motion for reconsideration independently of the timeliness of the motion. While the First Reconsideration Order did conclude that Petitioner's first motion for reconsideration was not made within a reasonable time as required by Rule 60(c)(1), Petitioner's further explanation for the delay, submitted in support of the Second Reconsideration Motion, does not affect the order's conclusion that Petitioner's motion independently failed on the merits.

WHEREAS, the Court has considered Petitioner's additional arguments in support of the Second Reconsideration Motion and found them to be without merit. It is hereby

**ORDERED** that Petitioner's Second Reconsideration Motion is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 40.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: August 26, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**